JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CASH, | Case No. CV 20-6571-JFW (KK) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |
| UNKNOWN, | |
| Respondent. | |

**I.**

**INTRODUCTION**

David Cash ("Cash"), a state prisoner proceeding pro se, has initiated the instant action by filing a letter requesting an extension of time to file a petition for writ of habeas corpus. ECF Docket No. ("Dkt.") 1. There is, however, no pending habeas petition. Cash's request must, therefore, be DENIED.

**II.**

**DISCUSSION**

Under Article III of the Constitution, federal courts may only adjudicate cases or controversies, and may not issue advisory opinions. U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993). In the context of a habeas action, "a habeas suit begins with the filing of an application

1  for habeas corpus relief – the equivalent of a complaint in an ordinary civil case."
2  Woodford v. Garceau, 538 U.S. 202, 208, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003);
3  see also Calderon v. Ashmus, 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970
4  (1998) (no "case or controversy" where prisoners sought declaratory relief to
5  determine time limits that would govern future habeas actions).
6        Here, Cash seeks an extension of time to file a petition for writ of habeas
7  corpus.  Dkt. 1.  Cash argues he has been unable to "study, learn and be addressing to
8  [his] appeal" because since his resentencing he has been transferred three times and,
9  for the past four months, has been at a transitional institution without any of his
10 property, including his legal transcripts or paperwork.  Id.  Cash, however, has not
11 filed a federal habeas petition challenging his conviction or sentence.  There is,
12 therefore, no case or controversy properly before the Court.  See Woodford, 538 U.S.
13 at 208; Calderon, 523 U.S. at 746-49.
14       Accordingly, the Court lacks jurisdiction to consider Cash's request for an
15 extension of time and this action must be dismissed.[1]  See United States v. Leon, 203
16 F.3d 162, 164 (2d Cir. 2000) (per curiam) ("[A] federal court lacks jurisdiction to
17 consider the timeliness of a § 2255 petition until a petition is actually filed."); Grissom
18 v. Barnes, No. CV 13-03593 SJO (SS), 2013 WL 3053059, at *1 (C.D. Cal. June 14,
19 2013) (denying a "Motion For Permission To Stay Proceedings Until State Issues Are
20 Settled" due to lack of jurisdiction before a petition is filed "at some unspecified
21 future date"); McDade v. Warden, No. CV 10-08507 JVS (SS), 2010 WL 4795377, at
22 *1 (C.D. Cal. Nov. 16, 2010) (no jurisdiction to decide timeliness or entitlement to
23 equitable tolling in advance of filing of Section 2254 petition).
24 ///
25

---

[1] If and when Cash files a habeas petition in this Court, this Court can consider whether Cash is entitled to a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines Stay") or Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) ("Kelly Stay") and whether statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling is warranted.

## III.
## **CONCLUSION**

It is, therefore, ORDERED that Cash's request for extension of time is DENIED and Judgment be entered summarily dismissing this action without prejudice.

Dated: August 21, 2020

HONORABLE JOHN F. WALTER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

3